Filed 10/21/24  Gutierrez v. Panera, LLC CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| AGUSTIN GUTIERREZ, | B328496 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 20TRCV00424 |
| PANERA, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Reversed and remanded.

Law Offices of Farrah Mirabel and Farrah Mirabel for Plaintiff and Appellant.

Ogletree Deakins, Lyne A. Richardson and Adam C. Hackett for Defendants and Respondents.

_____

An employee consented to arbitrate his claims against his employer, with a proviso *excluding* his right to bring a claim

under the Private Attorneys General Act (Labor Code § 2699 et seq.) (PAGA). The employee filed suit against his employer, and the parties then stipulated to arbitrate his non-PAGA claims and litigate his PAGA claims in court. After the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking*), the employer moved to compel the employee's individual PAGA claims to arbitration. The trial court granted the motion. However, the proviso in the arbitration agreement still stated, with our emphasis, that "Employee *may* bring or participate in a suit seeking remedies under the Private Attorneys General Act (PAGA) seeking to enforce State rights under the California Labor Code." We reverse.

I

Manna Development Group, LLC, Manna LA, LLC, and Panera LLC are business affiliates operating a Panera Bread restaurant in Westchester. We refer to these affiliates collectively as Panera.

Panera employed Agustin Gutierrez from October 2018 to October 2019 at the Westchester restaurant. As part of his onboarding, Gutierrez signed a contract with Panera, agreeing to arbitrate their disputes. He waived his right to bring a class action against Panera. The agreement, however, included the proviso we have quoted.

After Panera ended his employment, Gutierrez sued Panera on employment claims. He amended his complaint to add a PAGA cause of action.

Panera and Gutierrez then stipulated to arbitrate Gutierrez's claims (excluding the claims under PAGA) and to stay Gutierrez's court case (which now consisted solely of Gutierrez's claims under PAGA) until the conclusion of the arbitration. At

2

the time of the stipulation, California law did not permit courts to order PAGA claims to arbitration. (See *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384 (*Iskanian*).)

After Panera and Gutierrez signed their stipulation, the *Viking* decision invalidated *Iskanian*. Gutierrez rebuffed Panera's post-*Viking* request to stipulate to arbitrate his PAGA claims.

Citing *Viking*, Panera filed a motion to compel Gutierrez's PAGA claims to arbitration. In the alternative, Panera asked the court to order Gutierrez's individual PAGA claim to arbitration and to dismiss his representative PAGA claim.

The trial court granted Panera's motion, finding that *Viking* required it to order "arbitration of [Gutierrez's] individual PAGA claims and the dismissal of [Gutierrez's] representative PAGA claims." The court then ordered Gutierrez's individual PAGA claims to arbitration, dismissed his representative PAGA claim, and entered judgment in favor of Panera.

Only months after the court entered its judgment, our Supreme Court decided *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104 (*Adolph*), holding that "a plaintiff who files a PAGA action with individual and non-individual claims does not lose standing to litigate the non-individual claims in court simply because the individual claims have been ordered to arbitration." (*Id*. at p. 1128.)

Gutierrez appealed.

II

The trial court erred in ordering a claim to arbitration that the arbitration agreement excluded. Arbitration is a creature of contract. No contract, no arbitration. (*Coinbase, Inc. v. Suski* (2024) — U.S. —, 144 S.Ct. 1186, 1191 (*Coinbase*).)

According to the contract, the Federal Arbitration Act governs this suit.

We reject Panera's argument that the order granting Panera's motion to compel is not subject to our review. We may review such an order where it substantially affects the rights of a party. (Code Civ. Proc., §§ 906, 1294.2; *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648-649.) Gutierrez appealed a final judgment that substantially affected his rights.

Gutierrez correctly points out his agreement with Panera explicitly excluded PAGA claims. Paragraph 4.6 of the agreement, titled "Excluded Claims," states: "Employee may bring or participate in a suit seeking remedies under [PAGA] seeking to enforce State rights under the California Labor Code."

Panera urges us to ignore this sentence. Its argument is that *other* claims go to arbitration. True. But there is an exception. The exception governs.

Panera directs us to Paragraph 4.7 (titled "Included Claims"), which with our emphasis states "*any* provision of the California Labor Code" is subject to the arbitration provision. But Paragraph 4.7 also defines "Included Claims" as "all claims other than Excluded Claims listed above." PAGA claims are Excluded Claims.

Arbitration requires agreement. Gutierrez did not agree to arbitrate his PAGA claim.

Panera also argues that the delegation clause in the arbitration agreement precludes any court from deciding

4

arbitrability, including the arbitrability of Gutierrez's PAGA claims. Paragraph 3.4 of the agreement provides: "[t]he arbitrator, and not any federal, state, or local court, shall have the exclusive authority to resolve any dispute relating to . . . arbitrability . . . of this Agreement."

Courts should not assume that the parties agreed to arbitrate arbitrability unless it is unmistakably clear that they did so. (*Coinbase*, *supra*, 144 S.Ct. at p. 1193.) Unmistakable clarity is the preemptive federal test. (Ibid.) It is unmistakably clear that the parties did *not* agree to arbitrate PAGA claims. This contract language is not challenging.

The court also erred by dismissing Gutierrez's representative PAGA claims for lack of standing. In explaining its decision, the court quoted the following passage from *Viking*: "[w]hen an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit. . . . As a result, [a plaintiff] lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims." (*Viking*, *supra*, 596 U.S. at p. 663.)

California courts have declined to follow this non-precedential dictum. (See *Adolph*, *supra*, 14 Cal.5th at p. 1119; *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281, 1290-93; *Gregg v. Uber Technologies, Inc.* (2023) 89 Cal.App.5th 786, 798-804; *Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, 1139-1141; *Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 133-134; *Barrera v. Apple Amer. Group LLC* (2023) 95 Cal.App.5th 63, 82-83, 89-95.)

Gutierrez had standing to bring his PAGA claims in court, and these claims are not subject to his arbitration agreement with Panera. (See *Adolph*, *supra*, 14 Cal.5th at p. 1116 ["To have standing to bring a PAGA action, a plaintiff must be an 'aggrieved employee,' which the statute defines as 'any person who was employed by the alleged violator and against whom one or more alleged violations was committed.' ([Lab. Code] § 2699, subd. (c).)"])

The agreement between Panera and Gutierrez apparently anticipated the scenario that eventually unfolded, where Gutierrez filed a lawsuit with claims that are both included and excluded by the agreement. Paragraph 4.7 of the agreement provides: "[t]o the extent any party initiates a court action that contains both Excluded and Included Claims, and the parties do not voluntarily agree to submit the Excluded Claims to arbitration, the parties agree that the Included Claims shall be arbitrated prior to the litigation of the Excluded Claims." Thus, as Gutierrez's non-PAGA claims are currently pending in arbitration , the correct course of action is for the trial court to stay his PAGA claims until the arbitration concludes.

## DISPOSITION

We reverse the order in its entirety and remand for proceedings consistent with this opinion. We award costs to Gutierrez.

WILEY, J.

We concur:

GRIMES, Acting P.J.    VIRAMONTES, J.

6